LAW OFFICES OF PATRICK K. McCLELLAN
PATRICK K. MCCLELLAN #077352
2211 Michelson Drive, Suite 700
Irvine, CA 92612
Telephone (949)261-7615
Facsimile (949)851-2772
Attorney for HELEN RYAN FRAZER, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CRAIG M. LYTLE,<br><br>              Debtors. | Case No. LA08-19623-ER<br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY: MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HELEN RYAN FRAZER IN SUPPORT**<br><br>Date: December 9, 2009<br>Time: 11:00 a.m.<br>Ctrm: 1568 |

TO: THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, CREDITORS, AND ALL OTHER INTERESTED PARTIES:

HELEN RYAN FRAZER, Chapter 7 Trustee in the above-captioned case (hereinafter "Trustee"), will and hereby does move this court for an Order approving the Trustee's Compromise with Michael O'Grady (hereinafter "O'Grady").

INTRODUCTORY STATEMENT

This Motion seeks approval of the Chapter 7 Trustee's settlement of Los Angeles County Superior Court case number YC055531 entitled Craig M. Lytle, Plaintiff vs. Michael O'Grady, Defendant ("State Court Action").

1                                          Motion to Approve Compromises

Trustee and O'Grady have entered into a written settlement agreement whereby the State Court Action against O'Grady will be dismissed upon receipt of the total sum of Fifteen Thousand Dollars ($15,000) and a waiver of any claim that said defendant might have as a creditor in the estate.

### FACTUAL BACKGROUND

Debtor Lytle is the Plaintiff in the State Court Action seeking the recovery of fees and costs from Defendant O'Grady.

Debtor Lytle filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 1, 2008, United States Bankruptcy Court, Central District of California case #08-19623-BR an as a result the claims asserted by Debtor Lytle against Defendant O'Grady in the State Court Action are property of the Craig M. Lytle, Chapter 7 Bankruptcy estate.

Defendant O'Grady has denied the allegations in the State Court complaint and denies any liability to Plaintiff Lytle therein, and has filed a cross-complaint against Lytle therein.

### PROPOSED SETTLEMENT TERMS

Under the proposed settlement O'Grady will pay to Helen Ryan Frazer, Chapter 7 Trustee, the sum of Fifteen Thousand Dollars ($15,000) and will waive any claim he may have as creditor in the estate and otherwise. The payment will be made to the Trustee within thirty (30) days of the entry of an order approving this settlement. In turn, the estate will release all of its claims against O'Grady and upon receipt of the payment required, will cause a dismissal with prejudice to be filed as to the State Court Action.

### THE COURT SHOULD APPROVE THE PROPOSED SETTLEMENT
### AS IT IS IN THE BEST INTERESTS OF THE ESTATE.

Bankruptcy Rule 9019(a) provides that:

1  "On motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustee as provided in Rule 2002(a) and to such other persons as the court may designate, the court may approve a compromise or settlement."

In deciding whether to approve a settlement, the court must determine whether the settlement is in the best interest of the estate. In re Bell & Beckwith 77 B.R. 606 (Bankr.N.D.Ohio 1987).

In evaluating the proposed compromise, the court should consider the probability of success in litigation, the complexity of the litigation, the expense, inconvenience and the delay as a result of the litigation as well as the interest of creditors. In re A & C Properties 784 F.2d 1377 (9th Cir. 1986).

The court is not required to decide questions of law and fact in dispute based on the evidence presented to the court, but to review the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." In re Teletronics Service, Inc. 762 F.2d 189 (2nd Cir. 1985).

In the instant case, the Trustee believes the settlement is in the best interest of creditors and within the range of reasonableness. First, there is no guarantee that the Trustee will be successful in establishing the estate's claims for recovery of the sums sought from defendant O'Grady. Second, this matter was previously submitted to non-binding arbitration and an award was made in favor of debtor in the amount of $12,000 (see Exhibit 1). Third, the costs associated with litigating the issues against O'Grady will be significant. Fourth, even if successful, there are always issues of collection related to any judgment. Obtaining a judgment after trial is no guarantee that the judgment can be collected.

Applying the standards set forth above to the matter before the court, the Trustee believes that the compromise of $15,000, coupled with a waiver of claims in the estate, is fair to the parties involved and to the creditors of the estate. It eliminates the additional costs and risks associated with going forward, and is in the best interest of the estate and its creditors.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the court enter and order:

(1) Approving the Settlement Agreement entered into between the Trustee and O'Grady; and

(2) Granting such other and further relief as the court deems proper.

Dated: November 9, 2009

LAW OFFICE OF PATRICK K. McCLELLAN

By: _____
PATRICK K. McCLELLAN
Attorney for Chapter 7 Trustee
HELEN RYAN FRAZER

## DECLARATION OF HELEN RYAN FRAZER

I, HELEN RYAN FRAZER, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and in the Bankruptcy Court for the Central District of California.

2. Debtors CRAIG M. LYTLE filed a voluntary petition under Chapter 7 of the Bankruptcy Code on or about January 17, 2007. I was appointed the Chapter 7 Trustee in the case. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto.

3. On November 6, 2009, I entered into a written Settlement Agreement with O'Grady conditioned upon approval of this Court. A true and correct copy of said Settlement Agreement is attached hereto and marked Exhibit 1. Under the proposed settlement O'Grady will pay to the estate the collective sum of Fifteen Thousand Dollars ($15,000) and will waive any claims he may have as a creditor in the estate and otherwise. The payment will be made within thirty (30) days of the entry of an order approving the settlement. In turn, the estate will release all of its claims against O'Grady and upon receipt of the payment required, will cause a dismissal with prejudice to be filed in the State Court Action.

4. I believe the settlement with O'Grady is in the best interest of creditors and within the range of reasonableness. First, there is no guarantee that the estate will be successful in establishing the estate's claims for recovery of the sums sought from defendant O'Grady. Second, this matter was previously submitted to non-binding arbitration and an award was made in favor of debtor in the amount of $12,000 (see Exhibit 1). Third, the costs associated with litigating the issues against O'Grady will be significant. Fourth, even if successful, there are always issues of collection related to any judgment. Obtaining a judgment after trial is no guarantee that the judgment can be collected.

5. Applying the standards set forth above to the matter before the court, the Trustee believes that the compromise of $15,000, coupled with a waiver of claims in the estate, is fair

/ / /

/ / /

to the parties involved and to the creditors of the estate. It eliminates the additional costs and risks associated with going forward, and is in the best interest of the estate and its creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 6, 2009 at Cerritos, California.

_____
HELEN RYAN FRAZER

**Exhibit 1**

## SETTLEMENT AGREEMENT

This agreement is entered into this 6th day of November, 2009 between Helen Ryan Frazer, Chapter 7 Trustee ("Trustee") and Defendant Michael O'Grady (hereinafter "Defendant") with reference to the following facts:

WHEREAS, Debtor Lytle is the Plaintiff in Los Angeles County Superior Court case number YC055531, entitled Craig M. Lytle, Plaintiff vs. Michael O'Grady, Defendant ("State Court Action"); and

WHEREAS, Craig M. Lytle ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 1, 2008, United States Bankruptcy Court, Central District of California case #08-19623-BR; and

WHEREAS the claims asserted by Debtor Lytle against Defendant O'Grady in the State Court Action are property of the Craig M. Lytle, Chapter 7 Bankruptcy estate; and

WHEREAS Defendant O'Grady has denied the allegations in the State Court complaint and denies any liability to Plaintiff Lytle therein, and has filed a cross-complaint against Lytle therein; and

WHEREAS the parties hereto are desirous of settling the claims asserted in the complaint and the cross-complaint in the State Court Action, subject to Bankruptcy Court approval.

NOW THEREFORE, the parties hereby agree as follows:

1.  Defendant Michael O'Grady shall pay to Helen Ryan Frazer, Chapter 7 Trustee, for administration in the Chapter 7 case of Debtor Craig M. Lytle, the sum of Fifteen Thousand ($15,000). Said sum shall be payable to the Trustee in full within thirty (30) days of entry of an order approving this settlement agreement.

2.  Upon receipt of the executed Settlement Agreement, Trustee shall

1

promptly seek court approval of this agreement.

3. Upon Court approval of this settlement and receipt of the payment called for herein the Trustee shall file a Request for Dismissal, with prejudice, of the State Court Action. Concurrently, Defendant shall dismiss with prejudice the cross-complaint in the State Court Action and shall execute the Request for Dismissal to effect such dismissal.

4. This is a settlement of uncertain and disputed claims and nothing contained herein constitutes an admission of liability or wrongdoing by any party.

5. The parties agree to take such actions as may be required to effectuate the purpose and intent of this settlement.

6. Effective upon Court approval of the settlement and receipt of the payment called for herein, Trustee, on behalf of herself, her agents, employees, attorneys, officers and directors, hereby releases and discharges defendant, his agents, employees, attorneys, officers and directors from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable, which she may have against them, including but not limited to those arising from or related to the claims alleged in the above referenced adversary proceedings.

7. Effective upon Court approval of the settlement and receipt of the payment called for herein, Defendant, on behalf of himself, his agents, employees, attorneys, officers and directors hereby releases and discharges Plaintiff, the Chapter 7 Estate of Craig M. Lytle, the Trustee, her respective agents, employees, attorneys, officers and directors from any and all monetary claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or

unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable, which Defendant may have against them.

8. Each of the Parties further understands that California Civil Code section 1542 provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

9. Each of the Parties hereto expressly waives the provisions and protections of Section 1542 of the California Civil Code. Each of the Parties hereto acknowledges that it has been advised to confer with counsel as to the significance of a waiver of Section 1542 as it applies to unknown claims, and that the waivers herein are made knowingly and voluntarily. Each of the Parties hereto further acknowledges that, to the extent it has not fully investigated or does not know about any facts, events or circumstances occurring at any time in the past through the Date of this Agreement, those unknown facts, events and circumstances, and in particular, any and all unknown monetary claims arising out of them, are hereby expressly waived and released.

10. Each party shall bear its own attorneys' fees and costs incurred in connection with the adversary proceedings set forth above and this settlement.

11. This agreement, including all promises and agreements contained herein, shall inure to and be binding upon the heirs, representatives, executors, successors and assigns of the respective parties.

12. This Agreement embodies the entire agreement between the parties with respect to the transactions contemplated hereby.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

3

14. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

_____  
Michael O'Grady, Defendant

_____  
HELEN RYAN FRAZER, Trustee

Approved as to form:

Law Office of Pamela M. Ridley

By: _____  
PAMELA M. RIDLEY  
Attorney for Defendant

Law Office of Patrick K. McClellan

By: _____  
PATRICK K. McCLELLAN  
Attorney for Trustee

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or adversary proceeding. My business address is 2211 Michelson Drive, Ste. 700, Irvine, CA 92612  A true and correct copy of the foregoing document described **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMNPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HELEN RYAN FRAZER IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and in the manner indicated below.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 9, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee, ustpregion16.la.ecf@usdoj.gov
Chapter 7 Trustee, hfrazer@aalrr.com
Attorney for Chapter 7 Trustee, pkellymc@pacbell.net
Kathryn A, Meyer, kathryn.a.meyer@irscounsel.treas.gov

[ ] Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served': On **November 9, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Craig M. Lytle
2316 Artesia Blvd., #F
Redondo Beach, CA 90278

[ ] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY. FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 9, 2009**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 9, 2009

PATRICK K. McCLELLAN